**Tabetha A. Martinez, Esq. (NV 14237)**
**Susan E. Gillespie, Esq. (NV 15227)**
**BURGER, MEYER & D'ANGELO, LLP**
725 S. 8th Street, Suite 200
Las Vegas, Nevada 89101
**MAILING ADDRESS:**
999 Corporate Dr., Suite 225
Ladera Ranch, CA 92694
Telephone:  (949) 427-1888
Facsimile:  (949) 427-1889
Email: tmartinez@burgermeyer.com
         sgillespie@burgermeyer.com

Attorneys for Defendant
SAM'S WEST, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANDREA JORDAN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SAM'S WEST, INC., dba SAM'S CLUB, a Foreign Corporation; DOES 1-20 and ROE BUSINESS ENTITIES 1-20, inclusive,<br><br>　　　　　Defendants. | Case No.:　　　2:25-cv-01493<br><br>**STIPULATION AND ORDER FOR PLAINTIFF ANDREA JORDAN TO SUBMIT TO MEDICAL EXAMINATION PURSUANT TO NRCP 35** |

　　　Defendant, SAM'S WEST, INC., by and through its counsel of record, Susan E. Gillespie, Esq., and Plaintiff, ANDREA JORDAN, by and through her counsel of record, Gregory A. Kraemer, Esq., hereby stipulate that Plaintiff shall submit to a medical examination conducted by **James S. Forage, M.D., F.A.C.S. on January 13, 2026 at 3:30 p.m., at 861 Coronado Center Dr, Ste. 200, Henderson, NV 89052**. Plaintiff and the examining physician, subject to the following parameters:

　　　1.　　Plaintiff will be responsible for paying a reasonable no-show fee should she fail to appear for the examination pursuant to James S. Forage, M.D., F.A.C.S.'s Fee Schedule. Further, Plaintiff will be responsible for a cancellation fee unless notice of need to cancel on Plaintiff's behalf is provided at least two weeks prior to the exam date.

**STIPULATION AND ORDER**

2. Plaintiff will present a valid photo ID at the time of the examination.

3. On the date of the examination, the doctor will not require Plaintiff to sign any paperwork other than a "sign-in" sheet or authorization to perform the examination.

4. No diagnostic testing or imaging studies will be performed as part of the examination, including x-rays.

5. Plaintiff shall be permitted to audio record the examination with a device the size of an iPad or smaller. If Plaintiff does choose to audio record the examination, she will provide a copy of said audio recording to Defendant's counsel no later than thirty (30) days following the examination. Further, if Defendants or the doctor performing the examination choose to record the examination by any alternate method, Plaintiff shall not be responsible for the cost of any additional recording and such recording shall be provided to Plaintiff's counsel no later than thirty (30) days following the examination.

6. Defendant agrees to produce the performing doctor's report within 30 days of the exam pursuant to NRCP 35(b).

7. Plaintiff shall be permitted to bring one (1) observer to the examination. This observer will not be Plaintiff's counsel or an employee of Plaintiff's counsel's office. The observer will not communicate with the doctor performing the examination or any medical professional associated with the examination or obstruct the examination in any manner. The observer will not impede or influence Plaintiff's response to any question or any part of the examination. Plaintiff will disclose the identity of this observer no later than one (1) week prior to the examination.

8. The doctor performing the medical examination and any other medical professional associated with the examination will not speak with or attempt to engage any family member or friend who may accompany the Plaintiff to the examination.

9. All paperwork to be completed by Plaintiff shall be provided to Plaintiff's counsel at least one (1) week prior to the examination and will be returned to defense counsel prior to the examination.

10. The examination shall not last longer than 90 minutes unless extraordinary circumstances are presented to Plaintiff's counsel in writing – at least five (5) days in advance of the examination – that justifies additional time.

11. Plaintiff shall not be required to wait in the waiting room for longer than 30 minutes before the commencement of the examination.

12. Liability questions may not be asked by the doctor conducting the examination, any other medical professional associated with the examination, or any agent or representative of his office. The doctor may ask questions concerning how the incident occurred, the mechanics of the fall, and Plaintiff's injuries sustained in the incident.

13. No invasive procedures are allowed.

14. If the doctor conducting the examination subjects Plaintiff to physically painful or intrusive procedures, Plaintiff reserves the right to immediately terminate the examination and to contact the Discovery Commissioner.

15. Plaintiff shall not be required to disrobe during the examination. Plaintiff shall wear loose-fitting clothing, shorts, or pants to the examination to prevent the need for disrobing.

16. The doctor conducting the examination, any other medical professional associated with the examination, or his office staff shall not engage in ex parte contact with Plaintiff's treating health care providers.

17. The doctor conducting the examination shall not discuss with Plaintiff his/her opinions regarding Plaintiff's medical treatment or his/her review of any films or film reports reviewed by the physician.

18. Defendant, through their counsel, agree to inform the doctor conducting the exam of the above-listed parameters and agree that they have secured his/her agreement to these parameters prior to the examination taking place.

/ / /

/ / /

/ / /

/ / /

-3-
**STIPULATION AND ORDER**

19. If Plaintiff, her counsel, the doctor conducting the examination, or Defense counsel believe that any of the above parameters have been violated, they reserve the right to immediately terminate the examination and to file the appropriate Motion with the Discovery Commissioner, including a request for sanctions for any violation found by the Court.

IT IS SO STIPULATED BY AND BETWEEN:

| BURGER, MEYER & D'ANGELO, LLP | MORGAN & MORGAN |
|---|---|
| /s/ Susan E. Gillespie | /s/ Gregory A. Kraemer |
| Tabetha A. Martinez, Esq. | Gregory A. Kraemer, Esq. |
| Susan E. Gillespie, Esq. | Attorneys for Plaintiff |
| Attorneys for Defendant SAM'S WEST, INC. | |

**IT IS SO ORDERED.**

DATED this  11th  day of   December   2025.

_____
UNITED STATES MAGISTRATE JUDGE

-4-
**STIPULATION AND ORDER**